**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BYRON TOLBERT NEESE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH ARPAIO,<br><br>　　　Defendant.<br>_____ | )<br>)<br>)<br>)<br>)  CIV 05-0083 PHX NVW (MEA)<br>)<br>)  MEMORANDUM AND ORDER<br>)<br>)<br>) |

Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint (Doc. #6).

**Background**

Plaintiff, while incarcerated in the Maricopa County Durango jail, filed a *pro se* civil rights complaint (Doc. #1) on January 6, 2005, alleging violation of his civil rights by Defendant while Plaintiff was detained at Maricopa County jail facilities.[1] On April 12, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights by serving him inadequate meals and spoiled food, and by subjecting him to overcrowded and unsanitary living conditions. (Doc. #3).

Defendant waived service and filed a motion to dismiss on July 7, 2005. (Doc. #6). Defendant asserts that the complaint must be dismissed pursuant to 42 U.S.C. § 1997e, because Plaintiff failed to exhaust his administrative remedies by pursuing his claims through the Maricopa County jail inmate grievance process prior to filing his section 1983 complaint.

---

[1] During the time period December 1, 2004, through August 24, 2005, Plaintiff was housed in the Durango jail, the Towers jail, the Lower Buckeye jail, and the 4th Avenue jail. Doc. #6, Exh. 2.

Plaintiff filed a response (Doc. #9) to the motion to dismiss on August 2, 2005, asserting that he had not exhausted his administrative remedies because he had been prevented from doing so by jail officers. On August 15, 2005, Defendant filed a reply (Doc. #10) to the response.

After considering the pleadings regarding the motion to dismiss, in an order entered September 14, 2005, the Court noted that an inmate plaintiff's section 1983 claims may be considered exhausted if the plaintiff was foreclosed from accessing the administrative grievance process by jail officers. (Doc. #13). The Court allowed Plaintiff until October 7, 2005, to provide a supplemental declaration in response to the motion to dismiss delineating the exact circumstances leading to Plaintiff's conclusion that his claims were not grievable.[2]

In response to the Court's order, Plaintiff submitted identical sworn and notarized affidavits to the Court on September 28, 2005 and October 5, 2005. (Doc. #14 & Doc. #15). Defendant filed a response to Plaintiff's affidavits on October 24, 2005. (Doc. #16).

## Discussion

### A. Standard for granting a motion to dismiss

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, *pro se* complaints are held to a less strict standard than those drafted by counsel. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). It is not appropriate to dismiss a *pro se* prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. See also Akao v. Shimoda*, 832 F.2d 119, 120 (9th Cir. 1987).

---

[2] The Court noted acceptable evidence might include Plaintiff's sworn statement that he was told these issues were not grievable, the date, time, and place that this event occurred, the name of the jail officer who told Plaintiff these issues were not grievable, and other circumstantial evidence showing that this event occurred.

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741, n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). To fully exhaust a section 1983 claim, a prisoner must pursue his inmate grievance to the highest administrative level available to him. *See Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999); *Morgan v. Maricopa County*, 259 F. Supp. 2d 985, 990-91 & n.13 (D. Ariz. 2003).

Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.), *cert. denied*, 124 S. Ct. 50 (2003); *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004). Therefore, Defendants "have the burden of raising and proving the absence of exhaustion." *Wyatt*, 315 F.3d at 1119. *See also Morgan*, 259 F. Supp. 2d at 990-91 & n.13. The failure to exhaust administrative remedies under the PLRA is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *See Wyatt*, 315 F.3d at 1119. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at

1120.

Detainees who have complaints about the conditions encountered at a Maricopa County jail facility may pursue an inmate grievance in accordance with the three-step internal process and external review procedures outlined in the Maricopa County Sheriff's Office Rules and Regulations for Inmates, effective July 1, 2004. Doc. #6, Exh. 1 at 12. The inmate initially submits a grievance form to a jail officer, and may have his grievance reviewed by a Shift Supervisor. If the grievance is not resolved by the Shift Supervisor, the grievance is forwarded to a Hearing Officer. The inmate may file an Institutional Grievance Appeal with the Jail Commander if the grievance is not resolved by the officer, the Shift Supervisor, or the Hearing Officer. Doc. #6, Exh. 1 at 12.[3]

In his complaint Plaintiff asserted that, with regard to his claims of unsanitary and overcrowded living conditions, he was told by jail officers that these issues were not grievable. Plaintiff further alleged that, with regard to his complaints about jail food, he was told by a jail officer that grieving this issue was futile. Doc. #1 at 4-6. In response to Defendant's motion to dismiss, Plaintiff asserts he did not exhaust his administrative remedies because he believed all three issues were not grievable. Doc. #9 at 4.

Plaintiff's supplemental affidavits in opposition to Defendant's motion to dismiss state:

> When I requested grievance forms for these conditions I was refused by the detention officers, being told that these issues were not grievable. I was never given a reason why I could not grieve these issues only refused to be supplied with the ability to do so. On more than one occasion I attempted to grieve each and every one of these violations to my civil rights and every time I was told basically the same thing You cannot grieve these conditions they are not grievable. I was always refused forms to grieve these issues and denied due process of this procedure.

Doc. #14 & Doc. #15.

---

[3] The inmate grievance procedures provide that "[t]he Jail Commander, or his designee, may dismiss repetitive or frivolous grievances and they will not be processed any further. The written decision ends the formal grievance procedure." Doc. #6, Exh. 1 at 12. The inmate may also appeal an adverse decision regarding his grievance by means of an Inmate External Grievance appeal. *Id.*. "Valid issues" raised in an External Grievance are forwarded to an External Referee, whose "response and written decision end the formal inmate grievance procedure." *Id.*

In response to Plaintiff's assertion that his complaint should not be dismissed for his failure to exhaust his administrative remedies, Defendant argues:

> Plaintiff does not provide any information regarding the identity of any detention officer who refused to provide him with a grievance form or informed him that the issues of overcrowded conditions, inadequate meals, and unsanitary conditions are issues that cannot be grieved. Plaintiff does not indicate whether only one detention officer refused to provide him with a form, or whether he spoke with several officers. Plaintiff does not provide any details about the circumstances of the alleged conversation, such as a date, time, or location.

Doc. #16 at 2. Defendant further asserts that "during the time period of July 2004 to July 2005, which encompasses most of the time of Plaintiff's incarceration, 451 grievances were filed that addressed the issues of overcrowding, inadequate diet, and unsanitary conditions at the Durango jail. *Id.* at 3. Defendant notes that in Plaintiff's complaint he asserted he had not pursued grievances because he believed grievances were "usually ignored." *Id.*, citing Doc. #1 at 7.

Defendant presents evidence that, while Plaintiff was incarcerated in the Durango jail from December 2, 2004, through February 1, 2005, Plaintiff did not file any grievances regarding jail conditions, and that Plaintiff's cellmates filed six grievances during this time period. Doc. #6, Exh. 2. Defendants also present evidence that, during the time Plaintiff was incarcerated at the Towers jail, Plaintiff filed ten grievances. *Id.* Defendants present evidence that, while incarcerated in the Durango jail from June 13, 2005, through August 18, 2005, Plaintiff filed five grievances, and that, while incarcerated in the 4th Avenue jail and the Lower Buckeye jail, from August 18, 2005, through August 24, 2005, Plaintiff did not file any grievances. The grievances filed by Plaintiff assert issues regarding his property; a disciplinary ticket; being denied visitors; lack of telephone access; and delays in medical treatment. *See id.*, Exh. 2, Attach. A, Attach. B, Attach. C.[4]

---

[4] On April 5, 2005, Plaintiff filed an inmate grievance form complaining that the meal he had received contained spoiled fish. The Shift Supervisor responded to this grievance on April 21, 2005. Plaintiff again complained of spoiled food, i.e., fish, on April 28, 2005. The Shift Supervisor informed Plaintiff in his response to the grievance on May 2, 2005, that "[i]f this occurs again, you need to bring it to the officers attention right away so they can give you a sack lunch to replace it. This does not appear to be a widespread problem for the kitchen with the fish dinner." Plaintiff complained again about being served spoiled fish on May 4, 2005. Plaintiff pursued this grievance to a Hearing Officer,

-5-

The federal courts have concluded that an assertion that pursuing administrative remedies would be futile does not excuse an individual's failure to exhaust his administrative remedies prior to filing a section 1983 action. *See*, *e.g.*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), *Giano v. Goord*, 250 F.3d 146, 150- 51 (2d Cir. 2001). However, the federal courts have held that refusing an inmate grievance forms could raise an inference that the prisoner has exhausted his "available" administrative remedies. *See Miller v. Norris*, 247 F.3d 736, 738, 740 (8th Cir. 2001).

The PLRA only requires that administrative remedies which are "available" to the plaintiff be exhausted prior to bringing suit. *See* 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). Because the statute requires the remedy to be "available" to the prisoner, it is possible for a prisoner to exhaust his administrative remedies without his claims being denied at the highest level of administrative review specified by the relevant prison policies. *See Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (holding that the district court erred by dismissing an inmate's section 1983 claim based on his failure to exhaust because the district court did not consider the inmate's allegation that prison officials refused to provide him with grievance forms); *Miller*, 247 F.3d at 740 (concluding that any remedy that prison officials prevent a prisoner from utilizing is not a remedy which is available as that term is defined in section 1997e(a)). If prison authorities do not allow an inmate to pursue a grievance, it is arguable whether he has any administrative remedies "available" to him. *See Scott v. Gardner*, 287 F. Supp. 2d 477, 491 (S.D.N.Y. 2003). *Compare Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust because he "never sought intermediate or full administrative review after the prison authority denied relief"); *Jones v. Smith*, 266 F.3d 399, 399 (6th Cir. 2001) (concluding that dismissal for failure to exhaust was proper because the plaintiff failed to allege that the prison official who refused to provide a grievance form was the only source of those forms or

---

who found that Plaintiff was not entitled to any relief and who noted that Plaintiff and his cellmate were the only inmates to complain about the fish. Doc. #6, Exh. 2, Attach. B Pt. 2.

On April 27, 2005, Plaintiff complained that he was not provided with sufficient clothing to change his shirt as often as necessary. The Shift Supervisor forwarded this grievance to the Hearing Officer, who concluded that Plaintiff was not entitled to an exemption from or a change in jail policy regarding laundry and clothing. *Id.*, Exh. 2, Attach. B Pt. 2.

-6-

that plaintiff made other attempts to obtain a form or file a grievance without a form).

Plaintiff asserts under oath only that he attempted to pursue grievances regarding his section 1983 claims by requesting grievance forms from Defendant's employees, and that Defendant's employees thwarted his efforts to grieve these complaints. Although encouraged to do so, Plaintiff does not provide any specific allegation regarding a specific instance during which he requested a grievance form from a specific jail officer and was denied this access to the grievance process. However, Defendant produces evidence that contradicts Plaintiff's assertion that administrative remedies were not available to Plaintiff, i.e., evidence that Plaintiff filed many inmate grievances and that Plaintiff filed an inmate grievance related one of the counts stated in the complaint, i.e., Plaintiff's complaint about jail food being spoiled. Plaintiff does not assert that he fully grieved his claim that jail food violated his constitutional rights and the record provided by Defendant indicates Plaintiff did not grieve this issue to the highest administrative level available to him.

The Court concludes that, as a matter of fact, Plaintiff had administrative remedies available to him regarding his complaints about jail food and overcrowded and unsanitary jail living conditions, which he did not fully exhaust although an administrative process was available to him. *See Booth*, 532 U.S. at 735; *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005); *Jones*, 266 F.3d at 399; *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (concluding that section 1997e(a) does not permit the court to consider an inmate's subjective beliefs in determining whether administrative procedures are "available.").

**Conclusion**

Plaintiff concedes that he did not exhaust his administrative remedies regarding the claims stated in his section 1983 complaint, and Defendant has presented evidence to the Court that administrative remedies were available to Plaintiff and that Plaintiff did, in fact, partially pursue an administrative remedy related to one of the claims stated in the complaint, but that Plaintiff did not fully exhaust this claim. Plaintiff does not present any specific or circumstantial evidence indicating that administrative remedies were not available to him. Therefore, the Court concludes that Plaintiff's complaint must be dismissed without prejudice

pursuant to section 1997e because Plaintiff failed to exhaust his administrative remedies regarding his claims prior to filing his section 1983 suit.

**THEREFORE, IT IS ORDERED THAT** Defendants' Motion to Dismiss is **GRANTED**.  Plaintiff's complaint is hereby **dismissed without prejudice**.

DATED this 9th day of November, 2005.

_____
Neil V. Wake
United States District Judge